UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

August 8, 2023

LETTER TO COUNSEL:

RE:     *Joseph E. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
        Civil No. TJS-22-2405

Dear Counsel:

On September 21, 2022, Plaintiff Joseph E. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 10 & 11. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the parties' submissions, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Joseph E. filed his applications for DIB and SSI on September 23, 2019. Tr. 12. He alleged a disability onset date of September 5, 2019. *Id.* His applications were denied initially and upon reconsideration. *Id.* At his request, a hearing was held before an Administrative Law Judge ("ALJ") on December 13, 2021. Tr. 30-50. Thereafter, the ALJ found that Joseph E. was not disabled under the Social Security Act. Tr. 12-23 The Appeals Council denied Joseph E.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Joseph E.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Joseph E. had not engaged in substantial gainful activity since September 5, 2019, the alleged onset date. Tr. 14. At step two, the ALJ found that Joseph E. suffered from the following severe impairments: seizures, schizophrenia, bipolar disorder, and post-traumatic stress disorder. *Id.* At step three, the ALJ found Joseph E.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment under 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 14-15. The ALJ determined that Joseph E. retains the residual functional capacity ("RFC") to:

---

[1] This case was previously assigned to Judge Hurson. It was reassigned to me on April 28, 2023.

perform a full range of work at all exertional levels but with the following nonexertional limitations: never climbing ladders, ropes, or scaffolds. He can never operate a motor vehicle and can never be exposed to hazards, such as dangerous moving machinery and unprotected heights. He can understand, remember, and carry out simple instructions and make simple work-related decisions. He can work at a consistent pace through the workday, but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. He can tolerate occasional interaction with coworkers and supervisors and no interaction with the public. He can tolerate occasional changes in work setting.

Tr. 17.

At step four, the ALJ determined that Joseph E. cannot perform past relevant work. Tr. 21. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Joseph E. can perform, including day worker, linen room attendant, marker, mail sorter, and housekeeping/cleaner. Tr. 22. Accordingly, the ALJ found that Joseph E. was not disabled under the Social Security Act. Tr. 23.

Joseph E. makes several arguments in this appeal: the ALJ failed to properly evaluate evidence from the State Agency physicians; the ALJ failed to explain how he could maintain concentration, persistence, and pace for up to 85 percent of the workday given his moderate limitations in those areas; the ALJ failed to explain how he could sustain work-related activities for eight hours per day, five days per week; and the ALJ applied an improper standard to evaluate his subjective complaints. ECF No. 10. The Court will address each argument in turn.

Joseph E. argues that the ALJ improperly evaluated evidence from the State Agency consulting physicians. *Id.* at 5-8. He notes that one of the State Agency physicians opined that Joseph E. would experience "occasional" interference with (1) his ability to concentrate, persist in his work, and complete tasks, (2) his ability to interact appropriately with supervisors, coworkers, and the public, and (3) his ability to set realistic goals or make plans independently. *Id.* at 5-6. After summarizing the opinion of State Agency psychological consultant Aroon Suansilppongse, including the consultant's opinion that Joseph E. had moderate limitations in understanding, remembering, and applying information, moderate limitations in interacting with others, and moderate limitations in maintaining concentration, persistence, and pace, the ALJ explained that the opinion was persuasive. Tr. 20-21. Joseph E. argues that the ALJ's analysis of this opinion was erroneous because it did not acknowledge the consultant's opinion that Joseph E. would experience "occasional" interference with concentrating, persisting in his work, and completing tasks. ECF No. 10 at 6. Joseph E. notes that "occasionally" is defined in Social Security Rule 83-10 to mean something that occurs "from very little up to one-third of the time." *Id.* at 7. He argues that, taken to its logical conclusion, Dr. Suansilppongse's opinion was that Joseph E. lacked the "ability for sustained concentration, persistence or for task completion up to one-third of the time." *Id.* And if Joseph E. is off task one-third of the time, he would not be competitively employable, at least according to the vocational expert. *Id.*

The ALJ explained that Dr. Suansilppongse's opinion was persuasive inasmuch as it was "consistent with observations that [the claimant] displayed significant behavioral issues when he relapsed, that he had a circumstantial presentation of ideas, [that he reported] poor memory and concentration, yet was able to care for his son and manage his personal care." Tr. 20-21. The ALJ incorporated this opinion into the RFC determination by limiting the claimant to "understanding, remembering, and carrying out simple instructions and making simple work-related decisions," "working at a consistent pace throughout the workday, but not at a production rate pace such as on an assembly line or work involving . . . quotas," and having limited interaction with supervisors and coworkers Tr. 19. Dr. Suansilppongse did not specifically state that Joseph E. would be limited in his ability to concentrate and stay on task for one-third of the workday, and the Court rejects the claimant's argument that the ALJ should have taken this to be the necessary inference to draw from the opinion. The ALJ properly considered Dr. Suansilppongse's opinion and appropriately incorporated it into the functional limitations set forth in the RFC.

Joseph E. next argues that although the ALJ credited an opinion that limited him to performing only one or two step tasks, the ALJ failed to include any corresponding limitation in the RFC. ECF No. 10 at 7. But the Acting Commissioner correctly notes that even assuming the ALJ made an error in this regard, at least one job identified by the ALJ at step five "requires a reasoning level of one, which requires the individual to carry out only simple one- or two-step instructions and deal with standardized situations with occasional or no variables."[2] ECF No. 11 at 11 (citing Tr. 22, 48). Accordingly, any error in this regard is not a basis for remand. *See Jennifer Anne S. v. Saul*, No. TMD-20-519, 2021 WL 2139432, at *5 (D. Md. May 26, 2021).

Next, Joseph E. claims that the ALJ erred by "failing to recognize the inherent contradiction" in the opinions of a State Agency physician. ECF No. 10 at 8. He claims that the State Agency physician determined that Joseph E. would experience occasional interference with his ability for sustained concentration, persistence, and task completion, yet also found that "the claimant would be able to complete tasks at an acceptable pace." *Id.* This, Joseph E. argues, is error because "an individual with interference in the abilities to sustain concentration, persist, or complete tasks up to one-third of the time would not be capable of completing tasks at an acceptable pace or remaining on tasks within acceptable parameters." *Id.* In a similar argument, he claims that the ALJ did not explain how Joseph E., a person with moderate limitations in concentration, persistence, and pace, would be maintaining in these areas for up to 85 percent of the workday. *Id.* at 9. For the same reasons as set forth above, the Court rejects the argument that the ALJ should have interpreted the State Agency physician's description of "occasional interference" to correspond to a certain percentage of time off task. The ALJ appropriately considered the evidence from the consulting sources and properly incorporated the opinions into the RFC. There was no "inherent contradiction" that the ALJ failed to resolve.

Joseph E. next argues that the ALJ did not explain how he could perform the type of work captured in the RFC "eight hours per day, five days per week." ECF No. 10 at 10. According to the Social Security Administration,

> RFC is an assessment of an individual's ability to do sustained work-related

---

[2] Joseph E. did not file a reply to address this argument.

physical and mental activities in a work setting on a regular and continuing basis.
A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an
equivalent work schedule.

Social Security Regulation (SSR) 96–8p. Here, Joseph E. does not point to any evidence that the
ALJ failed to consider that might have materially changed the RFC determination. Accordingly,
in light of SSR 96–8p, the ALJ's finding that Joseph E. could perform the type of work described
in the RFC contains an implicit finding that Joseph E. can work "eight hours per day, five days per
week." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006).

Joseph E. argues that the ALJ did not properly consider his subjective complaints. ECF
No. 10 at 11. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective
symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R.
§ 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a
medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.*
§ 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate how much
the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c). At this second stage, the
ALJ must consider all available evidence, including medical history, objective medical evidence,
and statements by the claimant. *Id.* To evaluate a claimant's statements, the ALJ must "consider
all of the evidence in an individual's record when they evaluate the intensity and persistence of
symptoms after they find that the individual has a medically determinable impairment(s) that could
reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A.
March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even
as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms
of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r,
Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may
consider that objective evidence, or lack thereof, along with other evidence. 20 C.F.R.
§ 404.1529(2). In any case, the ALJ may not rely solely on the lack of objective medical evidence
to discredit a claimant's subjective statements. Id. A claimant may rely exclusively on subjective
evidence to prove how much their symptoms affect their ability to work at the second step of the
analysis. *Arakas*, 983 F.3d at 95-97.

Joseph E. notes that the ALJ found that the "conservative nature of the treatment received
by the claimant is inconsistent with the alleged severity of his symptoms." *Id.* at 13 (quoting Tr.
19). He argues that the ALJ should have built a "logical bridge" between the nature of his treatment
and why that treatment is inconsistent with the alleged severity of his symptoms. But considering
this statement in context the ALJ properly considered the claimant's subjective complaints and
appropriately found that he would have sought or been provided more intensive treatment if the
symptoms were really so severe. The ALJ noted that the claimant did not receive any significant
treatment for his seizures during the relevant period, that he did not pursue a recommendation to
see a neurologist to evaluate his seizure medication, that he saw a therapist and was prescribed
medication deemed to be helpful, and that he did not require psychiatric hospitalization during the
relevant period. This argument is not a basis for remand.

Joseph E. also alleges that the ALJ "erroneously required the Plaintiff to prove the type
and degree of his subjective complaints by objective medical evidence." ECF No. 10 at 14. This

argument is unmoored from the ALJ's opinion, in which the ALJ considered the claimant's subjective complaints alongside other evidence in the record, including objective medical evidence, treatment history, and medical opinions. The ALJ committed no error in this regard.

Finally, Joseph E. argues that the ALJ improperly considered his activities of daily living, and used them against him to deny his claim of disability. *Id.* The ALJ noted:

> There is also evidence in the record that [Joseph E.] has engaged in significant activities of daily living despite his impairments. The evidence of record notes that the claimant cared for his son independently at some points during the relevant period, including taking him to appointments and to school. He also testified that he was able to manage his personal care although he needed reminders from his wife. He also reported that he watched television.

Tr. 20.

Joseph E. argues that the ALJ did not explain how his limited activities undermine his assertions about the severity of his psychiatric symptoms and his inability "to persist through an eight-hour day, five days a week." ECF No. 10 at 15. If the ALJ's analysis underlying the RFC determination was limited to the claimant's activities of daily living, this argument would be persuasive. But as discussed above, the ALJ considered the entire record in evaluating the claimant's subjective symptoms and formulating the RFC. The ALJ's decision is supported by substantial evidence.

For the reasons set forth above, Joseph E.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 11) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge